IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BILL MCALISTER AND                                              PLAINTIFFS
SHARLYN MCALISTER

    VS.                    CASE NO. 03-2190

NATIONWIDE MUTUAL FIRE INSURANCE CO.                            DEFENDANT

### ORDER

Currently before the Court are Defendant's second motion in limine (Doc. 27), Plaintiffs' response (Doc. 37), Defendant's reply (Doc. 42), Defendant's motion for ruling on Defendant's second motion in limine (Doc. 53) and Plaintiffs' response (Doc. 55). Defendant's motion for ruling on Defendant's second motion in limine is GRANTED. For the reasons outlined herein, Defendant's second motion in limine is DENIED.

**Background**

On March 20, 2003, Plaintiffs sustained a fire loss to their real and personal property. At the time of the fire, Plaintiffs' property was insured by Defendant under a homeowners' liability insurance policy. Defendant investigated the cause and origin of the fire and determined it was incendiary in nature.[1] Defendant denied Plaintiffs' claim for their losses.

Plaintiffs contend the fire originated in or near a plastic

---

[1] Although not stated in either its motion or brief, Defendant's theory appears to be that the fire originated on the floor of the master bathroom closet. (Plaintiffs' Brief in Support of Response to Defendant's First Motion in Limine, Doc. 30 at 7).

1

light fixture junction box located in the ceiling of the master bathroom closet. Plaintiffs also contend that the fire melted the plastic light fixture junction box causing the light fixture to fall to the ground creating an opening between the attic and the closet space below where the fire then ignited items in the closet. Plaintiffs seek to demonstrate the melting of a plastic light fixture junction box to show that a fixture so attached can fall to the ground. Plaintiffs will photograph the demonstration outside the courtroom and present the photographs during trial through the testimony of Tommy Seamans, an electrician. Defendant moves the Court to preclude the Plaintiffs from introducing the photographs of the demonstration.

**Discussion**

The admissibility of experimental and demonstrative evidence "depends upon a foundational showing of substantial similarity between the tests conducted and what they purport to represent." *Kehm v. Procter & Gamble Mfg. Co.*, 724 F.2d 613, 624 (8th Cir. 1983); *see also Ramseyer v. General Motors Corp.*, 417 F.2d 859, 864 (8th Cir. 1969). Plaintiffs contend the demonstration will represent that the plastic light fixture junction box is commonly used and was used in Plaintiff's home; that such boxes can melt easily when exposed to heat; and that when a box melts, the light fixture being held can fall to the ground. Defendant contends the demonstration will not be conducted under "substantially similar" circumstances. Defendant sets forth several discrepancies between the actual conditions on the date of the fire and the

2

demonstration.[2] However, perfect identity between experimental and actual conditions is neither attainable nor required. *Ramseyer*, 417 F.2d at 864. Dissimilarities affect the weight of the evidence, not its admissibility. *Id*.

We are guided in our analysis first by the definition of relevant evidence in Federal Rule of Evidence 401. The Rule states that "relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Plaintiffs contend the fire originated in or near the plastic light fixture junction box. Plaintiffs propose to show the plastic box will melt when exposed to fire. Plaintiffs contend that when the plastic box melts it allows the light fixture to fall which will create an opening from the attic space to the closet below allowing fire to fall into the closet and ignite. We find the demonstration to be relevant for the jury to visualize any melting of the box and any falling of the light fixture. This may aid in the determination of whether the fire accidentally started in or near the junction box and fell to

---

[2]The master bathroom closet would not be present in the demonstration; any materials located in that closet would not be present, including combustible materials; temperature, wind, moisture, and other atmospheric conditions will be different; there would be no branch conductors or other electrical wiring which were present in and around the light fixture; there would be no switches or receptacles, no two-by-six joists, no gas pipes or appliances as were present in the master bathroom closet on the date of the fire; and, the plastic light fixture junction box may not be of the same type that was used in the master bathroom closet.

3

the floor.

Defendant contends the probative value is outweighed by the prejudicial effect as stated in Fed. R. Evid. 403. Defendant does not specifically state what prejudicial effect the demonstration will have. The probative value of any demonstration outweighs the danger of unfair prejudice. Defendant will have the full opportunity to cross-examine the witness and rebut his testimony.

Defendant contends the proposed demonstration is scientific in nature requiring the testimony of an expert. If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise. *See* Fed. R. Evid. 702. Plaintiffs contend their witness is not an expert witness. Plaintiffs contend the witness will testify that the plastic junction box is commonly used in homes and was used in Plaintiffs' home. Plaintiffs' witness will further testify that the box is made of plastic and that he has observed this plastic box melting when exposed to heat. Plaintiff contends their witness will not testify as to any opinion. We do not find that this type of testimony requires an expert and the witness' testimony, as set forth by Plaintiffs, will merely state his observations.

**Conclusion**

Accordingly, Defendant's motion for ruling on Defendant's second motion in limine is GRANTED. Defendant's second motion in limine is DENIED, but may be renewed at trial. Trial remains set for the week of August 7, 2006 at 9:00 a.m.

4

IT IS SO ORDERED.

> /s/Robert T. Dawson
> Hon. Robert T. Dawson
> United States District Judge