# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FORT SMITH DIVISION

**BILL McALISTER and**
**SHARLYN McALISTER**                                                           PLAINTIFFS

v.                                            Case No. 03-2190

**NATIONWIDE MUTUAL FIRE**
**INSURANCE COMPANY**                                                           DEFENDANT

## ORDER ON ATTORNEYS' FEES AND DAMAGES

This case, stemming from a fire loss, was tried by a jury on August 8-10, 2006. At trial, Plaintiffs contended that Defendant breached a policy of insurance issued to them following the loss of their home and contents. The jury awarded Plaintiffs a total of $69,261.00 for contents and additional living expenses. The jury verdict rejected the Defendant's contentions concerning the fire and its counterclaim seeking reimbursement for the amounts paid for the loss of the home is dismissed with prejudice. Before the Court are Plaintiffs' Motion for Attorneys' Fees, Interest, and Costs (Doc. 76), Plaintiffs' Brief in Support (Doc. 77), Defendant's Response (Doc. 78), Defendant's Brief in Support of Response (Doc. 78), Plaintiffs' Reply (Doc. 80), and Defendant's Sur-reply (Doc. 81).

Plaintiffs seek pre-judgment and post-judgment interest at the rate of 6 percent (6%) per annum from the date of loss, attorneys' fees at 33.33 percent (1/3) of the amount recovered ($27,743.00), and expert costs ($2,002.44). (Doc. 77.) Defendant objects to pre-judgment interest, attorneys' fees, and expert costs. (Docs. 77-78.) Plaintiffs have subsequently withdrawn their request for expert costs (Doc. 80).

**I. PRE-JUDGMENT INTEREST.**

"[P]re-judgment interest is allowable where the amount of damages is definitely ascertainable

by mathematical computation, or if the evidence furnishes data that make it possible to compute the amount without reliance on opinion or discretion." *Woodline Motor Freight v. Troutman Oil Co.*, 938 S.W.2d 565, 568 (1997). The Arkansas Supreme Court has "emphasized the requirement that damages be capable of exact determination both in time and amount." *Id.* citing *Stein v. Lukas*, 823 S.W.2d 832 (1992) ("prejudgment interest is not recoverable where damages are inexact and uncertain") (additional citations omitted).

In *Woodline Motor Freight*, one of the plaintiffs, Crosland, made an inventory list of items destroyed. At trial, Crosland testified that he "placed a true market value, *to the best of his knowledge*, on every item listed." The Arkansas Supreme Court found that Crosland personally assigned a figure to the cost of each item, and that "[i]n light of Crosland's reliance on subjective opinion as to value, we cannot agree that, at the time of the loss, the amount due him was liquidated as a dollar sum or ascertainable by fixed standards." *Id.* at 569. The Arkansas Supreme Court held that the trial court erred in awarding prejudgment interest on the property damages awarded to Crosland.

The facts in *Woodline Motor Freight* are similar to the facts in the present case. In our case, sums were given to each item of lost property. However, the sums were subjectively given by Plaintiffs, with no evidence that the sums were exact or certain. Therefore, Plaintiffs' request for prejudgment interest is DENIED.

**II. ATTORNEYS' FEES.**

Plaintiffs request attorney fees in the amount of $27,743.00, 33.33 percent (33.33 %) of the amount recovered at trial. Plaintiffs cite Ark. Code Ann. § 16-22-308 as authority for the Court to award both attorneys' fees and costs in a breach of contract case where the plaintiff is the prevailing party. (Doc. 77.)

Ark. Code Ann. § 16-22-308 reflects that prevailing parties are entitled to recover reasonable attorney's fees. However, the statute is a general statute which clearly states that it is controlling in civil actions "unless otherwise provided by law or the contract which is the subject matter of the action. . .." Ark. Code Ann. § 16-22-308 (Repl. 1999). Ark. Code Ann. § 23-79-208 specifically addresses the issue of attorney's fees in cases where insurers have denied coverage. Furthermore, the Arkansas Supreme Court has stated that under Arkansas law, a general statute can not apply where there is a specific statute covering a particular subject matter. *Cogburn v. Arkansas*, 732 S.W.2d 807 (1987).

Ark. Code Ann. § 23-79-208 is the controlling statute regarding the award of attorney's fees in the present case. The statute states "recovery of less than the amount demanded" will not defeat the right to recover penalty[1] and attorney's fee "if the amount recovered for the loss is within 20 percent (20%) of the amount "demanded or which is sought in the suit." Ark. Code Ann. § 23-79-208(d) (Repl. 2004).

While in their Amended Complaint, Plaintiffs sought a judgment for "$60,000.00 or an amount to be proven at trial," at trial, Plaintiffs sought recovery in the amount of $108,305.00 and other "undetermined amounts." The amount demanded in the suit was $108,305.00, rather than $60,000.00. *See Southern Farm Bureau Cas. Ins. Co. v. Brinker*, 84 S.W.3d 846 (2002)(holding that later demand for judgment, even though demand was made outside of the pleadings, was controlling to determine whether demand was within twenty percent of the amount awarded). Moreover, Arkansas courts have

---

[1] At trial Plaintiffs requested a 12% penalty if a verdict was rendered in their favor; however, they did not request the 12% penalty in the current motion. *See* Docs. 77 and 79. Plaintiffs did restate their request for a 12% penalty in their Reply to Defendant's Response to Motion for Attorneys' Fees and Interest and Brief in Support. *See* Doc. 80, pg. 5-6.

AO72A
(Rev. 8/82)

clearly stated that:

> It could never have been the purpose of the legislature to make the insurance company pay a penalty and attorney's fees for contesting a claim that they did not owe. Such an act would be unconstitutional. The companies have the right to resist the payment of a demand that they do not owe. *When the plaintiff demands an excessive amount he is in the wrong. The penalty and attorney's fees is for the benefit of the one who is only seeking to recover, after demand, what is due him under the terms of his contract, and who is compelled to resort to the courts to obtain it.* [Emphasis added.] *See, Pacific Mut. Life Ins. Co. v. Carter,* 123 S.W. 384 (1909) quoted in *Brinker*, 84 S.W.3d at 848.

In our case, the jury awarded Plaintiffs $69,261.00. Plaintiffs then are not entitled to recover attorney fees, as the award was not within 20% of the amount they sought to recover. Plaintiffs' request for attorneys' fees plus the 12% penalty is hereby DENIED. But for the statute concerning attorney fees, the court recognizes that the fee sought by the Plaintiff is reasonable and would have been permitted.

## III. EXPERT COSTS.

Plaintiffs also originally sought to recover $2,002.44 in costs associated with the expert testimony of Randy VanZant at the trial, citing Ark. Code Ann. § 16-22-308. (Doc. 77.) Plaintiffs withdrew that motion and the motion is therefore moot. (Doc. 80). Accordingly, Plaintiffs' request for expert costs is hereby DENIED.

## IV. POST-JUDGMENT INTEREST.

Without conceding the correctness of the jury's verdict, Defendant accepts that Plaintiffs are entitled to the judgment of $69,261.00 and post-judgment interest accruing at the rate of six percent (6 %) per annum from the date of judgment, until stayed or satisfied. (Doc. 79.)

The six percent (6 %) per annum rate appears to come from an Arkansas statute. *See* Ark.

4

Code Ann. § 16-65-114. However, a federal statute, 28 U.S.C. § 1961, covers "any money judgment in a civil case recovered in a district court" and provides for interest from the date of judgment at a floating rate determined by the coupon yield of United States Treasury bills. *Id.* The Eighth Circuit Court of Appeals has found that actions based on diversity of citizenship, such as our case, are not exempted from this statute. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Knudsen,* 749 F.2d 496, 497 (8th Cir.1984). Therefore, 28 U.S.C. § 1961 must be applied to calculate the rate of post-judgment interest in this case. *See also, Mobil Exploration & Producing North America, Inc. v. Graham Royalty Ltd.,* 910 F.2d 504, 509 (8th Cir. 1990) (reversing lower court decision to award state post judgment interest rather than rate under Section 1961.). *See also*, Howard W. Brill, Arkansas Law of Damages § 10-9 (4th ed. 2003).

## V. CONCLUSION.

Plaintiffs' request for judgment for $111,054.55[2] is GRANTED in part and DENIED in part. Plaintiffs' requests for pre-judgment interest, expert costs, attorneys' fees, and a twelve percent (12%) penalty are hereby DENIED. Plaintiffs' request for post-judgment interest is GRANTED. Plaintiffs will be awarded the jury award of $69,261.00 in addition to post-judgment interest at the rate of 4.97 percent (4.97%) interest[3] per annum from the date of judgment.

IT IS SO ORDERED THIS 29th day of September 2006.

                                                    */s/ Robert T. Dawson*
                                                    Robert T. Dawson
                                                    United States District Judge

---

[2] The amount claimed by Plaintiffs does not correspond to the specific amounts requested; $69,261.00 (jury award), $14,049.55 (pre-judgment and post-judgment interest), $2,002.44 (expert costs), and $27,743.00 (attorneys' fees).

[3] 4.97% is the weekly interest rate applicable to the date of this Order.

AO72A
(Rev. 8/82)